IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-HC-2140-FL

| | | |
|---|---|---|
| TIMOTHY WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNA F. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss (DE 11), filed pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed and thus the issues raised are ripe for adjudication. For the reasons explained below, respondent's motion to dismiss is granted, and the petition is dismissed without prejudice.

## BACKGROUND

On November 14, 1995, petitioner was found guilty after jury trial of conspiracy to possess within the intent to distribute cocaine and attempted possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841. See United States v. Way et al., No. 2:94-CR-00488-PBT-4 (E.D. Pa. Nov. 14, 1995). On February 6, 1997, petitioner was sentenced as a career offender to a term of 480 months imprisonment on each count, and the sentencing court ordered the sentences to run consecutively. Id. (Feb. 6, 1997). On April 21, 1997, the sentencing court amended the judgment to order that the sentences run concurrently, for a total term of 480 months. Id. (Apr. 21,

1997). On April 4, 2000, the sentencing court denied petitioner's first motion to vacate his conviction or sentence under 28 U.S.C. § 2255. Id. (Apr. 4, 2000).

On July 12, 2017, petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he should not have been sentenced as a career offender. Respondent subsequently filed motion to dismiss the petition, challenging the court's subject matter jurisdiction. Petitioner responded to the motion to dismiss. Petitioner also has filed motions to amend the petition (DE 5, 19, 20), for leave to file supplemental authority (DE 18), for leave to file excess pages (DE 16), and to expedite (DE 4, 21). The court denied petitioner's motions to expedite, and granted the remaining motions (DE 8, 22). The court thus carefully reviewed and considered all of the allegations set forth in the petition, motions to amend, notice of supplemental authority, and all attachments thereto, before deciding the instant motion to dismiss.

**DISCUSSION**

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts

alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Petitioner argues that he should not have been designated a career offender because he is "factually innocent" of one of the predicate convictions used to apply the enhancement. (Pet. (DE 1) at 13); see U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2 (Nov. 1995) (permitting enhanced sentence where defendant is convicted of a felony and has at least two prior felony convictions for either a crime of violence or a controlled substance offense). In 1986, petitioner pleaded guilty in Pennsylvania State court to robbery, and this conviction was used to establish his career offender status. (Pet. (DE 1-1) at 2, 15). Petitioner contends he is factually innocent of robbery and thus such conviction should not have been used to designate him a career offender. (Id. at 13-15). Petitioner argues that under Shepard v. United States, 511 U.S. 13 (2005) and its progeny,[1] the court can look beyond the record of conviction to the transcript of his preliminary

---

[1] Neither Shepard, nor any other similar case law, permit a federal court to examine state court records to determine whether petitioner actually committed the crime used to enhance his sentence. See Mathis v. United States, 136 S. Ct. 2243, 2252 (2016) (sentencing court "cannot go beyond identifying . . . what crime, with what elements, the defendant was convicted of" when determining whether the conviction can be used to enhance a sentence). To the extent petitioner seeks to vacate his Pennsylvania robbery conviction on grounds that he is factually innocent, he must pursue that issue in the Pennsylvania courts.

3

hearing to determine whether petitioner's conduct qualified as robbery under Pennsylvania law. (Id. at 4, 13-15).

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal or state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The legality of a federal prisoner's sentence, however, must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Although petitioner filed his claim under 28 U.S.C. § 2241, as set forth above he is in fact attacking the legality, rather than the execution, of his sentence.

The Fourth Circuit recently examined the prerequisites used to determine when § 2255 is an inadequate or ineffective remedy in the context of sentencing errors. See United States v. Wheeler, 886 F.3d 415, 428-429 (4th Cir. 2018). The court held:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. If petitioner cannot satisfy each of these four requirements, § 2255 is not inadequate or ineffective to test the legality of the sentence, and the court lacks subject matter jurisdiction to consider the claim under § 2241. Id. at 426, 429.

Here, petitioner cannot satisfy the second prong of the Wheeler test because Shepard does not apply retroactively to cases on collateral review. United States v. Pettiford, 612 F.3d 270, 279

4

(4th Cir. 2010); United States v. Davis, 133 F. App'x 916 (4th Cir. 2005); see also United States v. Christensen, 456 F.3d 1205, 1208 (10th Cir.2006).

Petitioner also cites Mathis v. United States, 136 S. Ct. 2243 (2016) as support for his argument. Mathis provides additional rules governing when a sentencing court can examine state court records to determine whether a state conviction qualifies as a predicate conviction for purposes of the Armed Career Criminal Act enhancement. See id. at 2257. Mathis, however, also does not apply retroactively to cases on collateral review. See, e.g., Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule [that may be retroactive] if the result was not dictated by precedent existing at the time the defendant's conviction became final."); Copeland v. Kassell, ___ F. App'x ___, 2018 WL 3768991, at *1 (4th Cir. Aug. 8, 2018) (holding Mathis does not apply retroactively); see also Dimott v. United States, 881 F.3d 232, 237 (1st Cir.) (same), cert. denied sub nom. Casey v. United States, 138 S. Ct. 2678 (2018).

To summarize, petitioner has not shown that § 2255 is an inadequate or ineffective remedy under the Wheeler factors, and thus the court does not have jurisdiction to consider the petition. Wheeler, 886 F.3d at 426. The court also cannot convert the petition into a § 2255 motion because petitioner must obtain authorization from the United States Court of Appeals for the Third Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).

**CERTIFICATE OF APPEALABILITY**

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, respondent's motion to dismiss (DE 11) is GRANTED and the petition is DISMISSED without prejudice. A certificate of appealabililty is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 7th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge